**In re Theodore Roosevelt JOHNSON, Sr., Linda Faye Johnson, Debtors.**

**Bankruptcy No. 38100285.**

United States Bankruptcy Court, W. D. Kentucky.

Sept. 16, 1981.

Joseph S. Elder, Louisville, Ky., for debtors.

J. Baxter Schilling, Louisville, Ky., trustee.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Is a bus a bus, or is it a car?

Reluctantly we conclude that it is a car.

Bankruptcy petitioner, Theodore Roosevelt Johnson, Sr., has claimed as exempt his 1969 Dodge bus. The bus has a seating capacity of 60 passengers. Upon it are occasionally transported members of Johnson's church congregation.

The trustee vehemently objects. He points to the state exemption statute, KRS 427.010, which in pertinent part permits the exemption of "one motor vehicle and its necessary accessories, including one spare tire, not exceeding $2,500 in value..."

The trustee patiently explains that the legislature intended the term "motor vehicle" to be synonymous with "automobile".

Enacted in 1980, the statute excluded earlier statutory limits upon the *uses* to which a motor vehicle might be put, so we must cast altogether aside the trustee's concern with the voluminous seating capacity of the behemoth. The record is silent on the size of the petitioner's family and their transportation needs.

Is a Moped a motor vehicle? What would the licensing arm of the state Department of Transportation say to the contention that a bus is not a motor vehicle? What would Gertrude Stein have to say about what a motor vehicle is?

Such rhetorical questions having been considered, we are bold to say that a bus is a motor vehicle.

In our dialectic, during this era of motorized evolution, we are inclined to regard the "bus" and the "automobile" as species of the genus, "motor vehicle".

This Bankruptcy Court is answerable to an appellate forum of literal bent. That is good, for it gives us guidance and certainty in ascribing to the legislature the ability to express its intent in clear, simple, precise English.

As this trustee will recall, District Judge Thomas Ballantine, in reviewing a decision of this court, recently held that a statutory 15-day limitation upon the recording of chattel mortgages imposed a recording limitation *not* of indeterminate length, as was contended, but a limitation of *15 days*.

Guided by that clarity of perception, we find with conviction that a motor vehicle is a motor vehicle, and not necessarily an automobile. We expressly reserve, until it is properly presented, any consideration of the reverse proposition that an automobile is neither a bus nor a motor vehicle.

Abundantly confident that this opinion will find its way alongside *Marbury v. Madison* and *McCulloch v. Maryland* in the lasting library of legal logic, it is hereby

ORDERED that Theodore Roosevelt Johnson, Sr. is entitled to the claimed exemption, and the trustee shall comport his activities accordingly in administration of the estate.