**In re T L G COMPUTING SERVICES, INC., Debtor.**

**Bankruptcy No. 3–82–00714(D).**

United States Bankruptcy Court, W. D. Kentucky.

June 4, 1982.

Joseph E. Rose, trustee.

Bruce Lee Kleinschmidt, Louisville, Ky., for debtor.

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Kentucky corporations are entitled to a general $1,000 exemption in bankruptcy. That unanticipated truth is revealed in a case of first impression involving a literal reading of the Kentucky exemption statutes, KRS Chapter 427, as amended in 1980.

T L G Computing Services, Inc., routinely claimed, in its bankruptcy petition, the exemption of a copying machine and typewriter having a total value of $850. Just as routinely the trustee objected, on the general ground that corporations are not entitled to exemptions.

KRS 427.160, enacted in 1980 when Kentucky opted out of the federal statutory scheme of bankruptcy exemptions, provided that:

"In addition to other exemptions provided in this chapter *every debtor* shall

have a general exemption not to exceed one thousand dollars ($1,000) .... when he has filed for bankruptcy under the provisions of the Bankruptcy Code of 1978... (Emphasis supplied).

The 1980 amendments to Chapter 427, while eviscerating what the Kentucky legislature felt to be the liberal excesses of the federal exemption schedule, nevertheless retained many of the terms of art contained in the Bankruptcy Reform Act of 1978. For pertinent example, the Kentucky amendments of 1980 repeatedly use the phrase "individual debtor" to draw the necessary distinction between bankruptcy petitioners who are living persons and those entities existing only in law, such as corporations and partnerships.

In KRS 427.010 through 427.060, the term "individual debtor" is consistently used. A new section 427.150, created in the 1980 legislation, makes certain exemptions available to "an individual." (The exemptions there extended to nonbankruptcy matters as well, such as state attachment proceedings, so the term "debtor" was deleted). Similarly, new section 427.170 applies to "an individual debtor."

In the middle of these various references to "individual" and "individual debtor" there stands out the statute in question, KRS 427.160 extending the $1,000 general exemption to "every debtor."

In recent cases involving statutory construction, we have enthusiastically followed the lead of "an appellate forum of literal bent." *In re Johnson*, 14 B.R. 14 (W.D.Ky. 1981); see also *Schilling v. First National Bank of Louisville*, No. 80–3591 (6th Cir. 1982) (unreported).

The absence of the word "individual" in KRS 427.160 is so obvious that it must have been intentional. There are many reasons why the legislature would choose to extend this final entitlement, this legal equivalent of burial expenses, to failed corporations. The costs of a final tax accounting and formal dissolution come immediately to mind. In any event, we choose *not* to judi-

cially amend KRS 427.160 to insert therein the word "individual."

Accordingly, the trustee's objection to the claimed exemption by T L G Computing Services, Inc., is hereby overruled. This is a final order.