## In re NIX HEATING AND AIR CONDITIONING, INC., Debtor.

### Bankruptcy No. 3-89-00041.

United States Bankruptcy Court, W.D. Kentucky.

Jan. 26, 1990.

Sandra D. Freeburger, Sebree, Ky., for debtor.

Joseph Castlen, Owensboro, Ky., Trustee.

## MEMORANDUM OPINION

DAVID T. STOSBERG, Bankruptcy Judge.

In this chapter 7 case, the corporate debtor has moved the court for an order directing the trustee to pay it the sum of $1,000.00, the "additional general exemption" to which it asserts entitlement pursuant to the provisions of K.R.S. 427.160. We have reviewed memoranda in support of and in opposition to the motion. For the reasons which follow, we will overrule the debtor's motion.

K.R.S. 427.160 was enacted by the Kentucky legislature in 1980 as part of its "opt out" of the federal exemption scheme. It provides,

"In addition to other exemptions provided in this chapter every debtor shall have a general exemption not to exceed $1000.00 in value to be applied toward any property, real or personal, tangible or intangible, in his estate when he has filed for bankruptcy under the provisions of the Bankruptcy Code of 1978."

Not surprisingly, debtor's counsel relies almost exclusively on *In re TLG Computing Services, Inc.,* 20 B.R. 568 (Bankr.W.D. Ky.1982) to support the proposition that a corporation is entitled to the general exemption. In *TLG,* Judge Merritt Deitz examined the specific exemption provision of K.R.S. 427.160 and interpreted its literal language, i.e., "every debtor," to allow an exemption to a corporation. This court now believes that such an interpretation overlooks the provision's literal prefatory language: "In addition to other exemptions ..." If a corporation is not entitled "to other exemptions," *a fortiori,* it cannot be entitled to an "additional exemption."

We note further that the justification and practical ground offered by the court in *TLG* is the corporate debtor's need for additional legal services in winding up its affairs. Such services, if needed to liquidate the assets, can be adequately compensated by application to this court. If approved, such services will be accorded administrative priority. 11 U.S.C. § 507(a)(1). As to the need for additional legal services we note that K.R.S. 271B.14-050(1)(c) requires that a corporation, "mak(e) provision for discharging its liabilities" prior to its formal dissolution. This provision prohibits dissolution of insolvent corporations and effectively eliminates the need for such legal services.

Accordingly, and for the foregoing reasons, we expressly reject the rationale utilized in the *TLG* case. The corporate debtor is not entitled to receive an exemption.

An order overruling the debtor's motion will be put to record this day.